UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES ALVIN SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21CV1218 HEA |
| | ) | |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Self-represented Plaintiff Charles Alvin Smith brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). However, after reviewing the complaint, the Court will dismiss this action for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2). As such, Plaintiff's motion for appointment of counsel will be denied as moot.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff is a convicted and sentenced state prisoner. ECF No. 1 at 2. Plaintiff submitted an application to proceed in district court without prepaying fees or costs which states that he has no job, no income, and $51.00 in his prison account. ECF No. 2. Although the form states that an inmate must submit a certified prison account statement, Plaintiff has not done so. Based on the financial information Plaintiff has submitted, the Court will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If Plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint and Supplement

Plaintiff is an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), a Missouri Department of Corrections ("MDOC") facility in Bonne Terre, Missouri. ECF No. 1 at 2. He brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights against MDOC. Plaintiff seems to be asserting that MDOC is illegally housing and confining him based on an unlawful arrest by the East Prairie[1] Missouri Police Department. *Id.* at 4; ECF No. 1-1 at 1 (alleging "illegal housen"). Plaintiff states that he was arrested "with zero warrants, zero probable cause, [and] no evidence too [sic] make a[n] arrest." ECF No. 1 at 4. Furthermore, Plaintiff alleges that he "was set up by the police." *Id.* For relief, Plaintiff seeks $500,000,000 in damages and his sentence "fixed." *Id.* at 4, 6. He asserts that he has suffered mental and physical injuries. *Id.* at 4.

---

[1] East Prairie is located in Mississippi County, Missouri.

Plaintiff states on his complaint that he has another § 1983 case with this Court. *Id.* at 9-10. Plaintiff's other case, *Smith v. Cann*, No. 1:21-cv-115-SNLJ, was still pending when Plaintiff filed this matter in October 2021. However, since this case was initiated, Plaintiff's other § 1983 matter has been dismissed for failure to state a claim for relief and for seeking relief from Defendants who are immune. *Id.* at ECF Nos. 12-13. In that dismissed matter, Plaintiff also alleged that he had been unlawfully arrested by the state police "with zero probable cause" and without a warrant, seemingly in reference to the same state court matter. *Id.* at ECF No. 1 at 3. Plaintiff's appeal of that dismissal is pending. *Id.* at ECF No. 16.

On November 22, 2021, the Court received a supplemental letter from Plaintiff. ECF No. 4. In the letter, Plaintiff states that he needs to know his Eastern District court date and that he is getting his "civil rights and amendments violated" every day. *Id.* at 1.

### Plaintiff's Criminal Proceedings in State Court

A review of Plaintiff's state-court criminal proceedings on Missouri Case.net, the State of Missouri's online docketing system, provides some background for understanding the allegations of the complaint. Plaintiff lists one Missouri case number in the caption of the complaint; however, understanding Plaintiff's state court criminal history involves examining multiple, related state-court criminal cases filed against him. *See* ECF No. 1 at 1 ("Case No: 19MIcr00417-001").

In April 2019, Plaintiff was charged with one count of failure to register as a sex offender in the 33rd Judicial Circuit Court in Mississippi County, Missouri. *See State v. Smith*, Case No. 19MI-CR00171-01 (33rd Jud. Cir. Apr. 17, 2019). Plaintiff plead guilty to this offense on June 12, 2019 and was sentenced to four (4) years' incarceration. However, the execution of his sentence was suspended and he was put on supervised probation for five (5) years. In September 2019, Plaintiff was charged with a second count of failure to register as a sex offender. *See State v. Smith*, Case No. 19MI-CR00417-01 (33rd Jud. Cir. Sept. 25, 2019). On October 9, 2019,

Plaintiff plead guilty and was sentenced to 120 days of shock incarceration and four (4) years' incarceration "concurrent with 19MI-CR00171-01." After Plaintiff's period of shock incarceration, he was released on supervised probation for a term of five (5) years. In March 2021, Plaintiff was charged with a third offense of failure to register as a sex offender. *See State v. Smith*, Case No. 19MI-CR00078-01 (33rd Jud. Cir. Mar. 24, 2021). Plaintiff was found guilty in a July 2021 trial and sentenced to 18 years. There is no indication in the record that Plaintiff has filed an appeal in any of these state court cases.

## Discussion

Plaintiff brings this case against a defendant – Missouri Department of Corrections ("MDOC") – who is not suable under § 1983 for money damages. "Section 1983 provides for an action against a 'person' for a violation, under color of law, of another's civil rights." *McLean v. Gordon*, 548 F.3d 613, 618 (8th Cir. 2008). However, a State is not a 'person' under § 1983 against whom a claim for money damages can be asserted. *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). MDOC is an arm or division of the State of Missouri. An agency exercising state power is also not a "person" subject to a suit under § 1983. *E.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp.*, 948 F.2d 1084, 1086 (8th Cir. 1991) (agency exercising state power as an arm of the compacting state is not "person" subject to § 1983 suit). Thus, Plaintiff's § 1983 claims against MDOC fail to state a claim on which relief may be granted.

Furthermore, a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (affirming district court's failure to state a claim dismissal of a § 1983

damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement); *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). In this case, there is no evidence that Plaintiff has appealed his state-court convictions nor sought habeas relief.

To the extent that Plaintiff seeks release when he says he wants his sentence "fixed," generally, a prisoner's challenge to the validity of his confinement or to matters affecting its duration falls within the province of habeas corpus and, therefore, must be brought pursuant to the federal habeas corpus statute, 28 U.S.C. § 2254. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

**Conclusion**

Plaintiff cannot seek money damages against MDOC, a state agency, under 42 U.S.C. § 1983. Nor can Plaintiff seek to have his state-court sentence expunged or vacated based on a § 1983 claim. Finally, this Court cannot grant relief under § 1983 that would question the validity of a state-court sentence when that sentence has been called into question under a writ of habeas corpus. For all of these reasons, this case will be dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2). Furthermore, the Court finds that it would not be a beneficial use of judicial resources to allow Plaintiff to amend his complaint in this matter, because his claims of unlawful arrest appear similar, if not the same, as the claims he is asserting in his other § 1983 action filed in this Court and currently on appeal with the Eighth Circuit. Because this case is being dismissed, Plaintiff's motion for appointment of counsel in this matter will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Plaintiff shall pay an initial filing fee of $1.00 within **thirty (30) days** of the date of this Order.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant Missouri Department of Corrections because the complaint fails to state a claim upon which relief can be granted.  Plaintiff's claims against defendant Missouri Department of Corrections are **DISMISSED without prejudice**.  See 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Opinion, Memorandum and Order.

Dated this  29th day of December, 2021.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE